IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Petitioner,<br><br>  v.<br><br>SIDEMAN & BANCROFT, LLP,<br><br>  Respondent. | No. CV11 0736<br><br>**ORDER TO SHOW CAUSE WHY INTERNAL REVENUE SERVICE SUMMONS SHOULD NOT BE ENFORCED** |

Upon consideration of the United States' Petition to Enforce Internal Revenue Summons, Memorandum in support thereof, and Declaration of Special Agent Mark Pahnke in support thereof, the Court finds that the United States has established a *prima facie* case under *United States v. Powell*, 379 U.S. 48, 58 (1964) for enforcement of the Internal Revenue Service summons at issue. Accordingly, IT IS HEREBY ORDERED that the respondent–Sideman & Bancroft, LLP–appear, through Jay R. Weill or some other authorized representative, before the undersigned United States District Judge, at the federal court house in San Francisco, California, April 7       2011, at 2:00        p.m., to show cause why it should not be compelled to obey the summons served upon it and produce all responsive documents.

It is further ORDERED that:

1.  A copy of this Order, together with the Petition to Enforce Internal Revenue Service Summons and supporting papers, shall be served in accordance with Fed. R. Civ. P. 4 upon Jay R. Weill or some other individual authorized to accept service on behalf of the respondent promptly after

SHOW-CAUSE ORDER                              - 1 -

this Order is entered.

2. Since the Petition to Enforce Internal Revenue Summons and supporting papers make a *prima facie* showing that the IRS investigation is being conducted for a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Internal Revenue Code have been followed, *see United States v. Powell*, 379 U.S. 48, 57-58 (1964), the burden of coming forward has shifted to the respondent to oppose enforcement of the summons.

3. If the respondent has any defense to present or opposition to the petition, such defense or opposition shall be made in writing, filed with the Clerk and served on counsel for the United States, at least **14** days prior to the date set for the show-cause hearing. The United States may file a reply memorandum to any opposition at least **7** court days prior to the date set for the show-cause hearing.

4. At the show-cause hearing, the Court will consider all issues raised by the respondent. Only those issues brought into controversy by the responsive pleadings and supported by an affidavit or declaration will be considered. Any uncontested allegation in the petition will be considered admitted.

DATED: March 9, 2011.



Judge William Alsup
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA